IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DURRELL WARREN CORNISH and NICOLA CAMPBELL, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GOVERNMENT EMPLOYEES INSURANCE COMPANY, )<br>)<br>Defendant. ) | Civil Action No.: 2:16-cv-4016-PMD<br><br>**PETITION FOR REMOVAL** |

TO:  UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA; COURT OF COMMON PLEAS FOR CHARLESTON COUNTY, SOUTH CAROLINA; AND ALL PARTIES AND ATTORNEYS OF RECORD:

YOU WILL PLEASE TAKE NOTICE that Defendant, Government Employees Insurance Company ("GEICO"), by and through their undersigned attorneys, hereby invokes the removal jurisdiction of the United States District Court for the District of South Carolina on the following grounds:

**FIRST:**  On or about November 10, 2016, the Plaintiff above named filed a civil action against the above captioned Defendants in the Circuit Court of Charleston County, South Carolina, as Case No. 2016-CP-10-6048. The civil action was served on GEICO December 2, 2016. This action seeks damages arising out of the wrongful denial of a claim for insurance benefits by Plaintiff. Plaintiff asserts: 1) breach of contract; and 2) insurance bad faith. GEICO now files and presents this Notice of Removal within thirty (30) days after receipt by the Defendants of the filed Summons and Complaint as required by 28 U.S.C. § 1446.

**SECOND:**  This action is removable to the United States District Court based upon 28 U.S.C. § 1441. The above described action is a civil action over which this Court has jurisdiction by

way of diversity pursuant to 28 U.S.C § 1332 because it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, is between citizens of different states[1], and is one which may be removed to this Court by GEICO pursuant to 28 U.S.C. § 1441. This Court has supplemental jurisdiction over all claims asserted by Plaintiffs pursuant to 28 U.S.C. § 1367.

**THIRD:** The Plaintiff's Complaint does not seek to limit its damages below the jurisdictional threshold. The lawsuit asserts three causes of action, and seeks actual damages, punitive damages, and attorneys fees based on the alleged refusal to pay benefits under an insurance policy. Plaintiff does not limit the damages sought in any fashion. Punitive damages, when sought, must be considered in determining the amount in controversy. Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240 (1943)[2]. Plaintiff seeks punitive damages. Compl. At ¶ Prayer for Relief. Further, attorneys fees, when recoverable, may be included as consideration for the amount in controversy. Manguno v. Prudential Property & Cas. Ins. Co., 276 F.3d 720, 723-24 (5th Cir. 2002); Spielman v. Genzyme Corp., 251 F.3d 1, 7 (1st Cir. 2001); Momin v. Maggiemoo's International, LLC, 205 F. Supp.2d 506 (D. Md. 2012)(noting the Fourth Circuit has not "articulated the precise standard to be applied"). In the case at bar, the Plaintiff's has made a claim for "attorney's fees" presumably under the breach of contract and bad faith claims. While GEICO disputes that the Plaintiff is entitled to recover any damages, including but not limited to attorneys fees, they are calculable in determining the amount in controversy. Further,

---

[1] Plaintiff is alleged to be a South Carolina citizen and resident. GEICO is, upon information and belief, a Delaware corporation with its principal place of business in Maryland. Thus, the parties are completely diverse.

[2] It has been noted by Judge Shedd, that "the plaintiff's bar seeks less than ten times damages for punitive damages. It is also not uncommon for juries to award punitive damages of more than ten times damages…." Woodward v. Newcourt Commercial Finance Corp, 60 F. Supp.2d 530, 532 (D.S.C. 1999).

actions by the Plaintiff, if any, post removal does not divest the Court of jurisdiction. St. Paul Mercury Indemnity Co. v. Red Cab Co., (303 U.S. 283 (1938).

"In determining whether the 'value of the object of the litigation' is sufficient to satisfy the amount in controversy requirement, the Court should grant a dismissal only where it appears to a legal certainty that the controversy involves less than $75,000." Fairfield Resorts, Inc. v. Fairfield Mountains Prop. Owners Ass'n Inc., No. 1:06CV191, 2006 WL 1801547, at *2 (W.D.N.C. June 28, 2006). It is well settled in the Fourth Circuit that the test for determining the amount in controversy in a diversity proceeding is the "either-viewpoint rule" which is concerned with "the pecuniary result to either part which [a] judgement would produce." Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002)(citing Gov't Emps. Ins. Co. v. Lally, 327 F.2d. 568, 569 (4th Cir. 1964)); see also Gonzales v. Fairgale Props Co., 241 F.Supp.2d 512, 517 (D.Md.2002). Under the "either-viewpoint" rule, the amount-in-controversy requirement is satisfied if either the gain to the plaintiff or the cost to the defendant is greater than $75,000. See Gonzales, 241 F.Supp.2d at 517. A party seeking remand "based on the amount in controversy must show that it is legally impossible for the plaintiff to recover the jurisdictional amount." VCA Cenvet, Inc. v. Chadwell Animal Hosp., LLC, Civil No. JKB-11-1763, 2011 WL 6257190, at *1 (D.Md.Nov.29, 2011)(cutubg Wiggins v. N. Am. Equitable Life Assurance Co., 644 F.2d 1014, 1017 (4th Cir. 1981)). Here, Plaintiffs allege in their complaint that they have previously demanded payment "on the vehicle which was estimated by the GEICO property damage adjuster at $10,162.00." Compl. At ¶ 35. Further, Plaintiff argues an entitlement to compensatory damages, actual damages, and punitive damages, along with attorney's fees. [Id. At ¶ prayer for relief]. Thus, the *potential* value of the object of the litigation more than $75,000. As Plaintiffs failed to limit damages sought, the Complaint does not effectively limit the amount in

controversy to a dollar figure below the statutory requirement. Therefore, it cannot be said to a "legal certainty" that the amount in controversy is less than $75,000, thus, making this matter removable. Gonzales, 241 F. Supp.2d at 517; Wiggins, 644 F.2d. at 1017. Defendants deny that Plaintiff is entitled to any such damages.

**FOURTH:** Copies of all process, pleadings and orders served upon the removing Defendant in this action are attached hereto collectively as Exhibit A and are incorporated herein by reference.

**FIFTH:** Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the removing Defendant's rights to assert any defense, including, but not limited to those defenses available under Rule 12 of the Federal Rules of Civil Procedure or otherwise.

**SIXTH:** Pursuant to 28 U.S.C. § 1446(b), this Notice of and Petition for Removal is being filed within one (1) year after the date of the commencement of the original action.

**SEVENTH:** The Defendant is providing the Clerk of Court from which this action was removed with a copy of this Notice of and Petition for Removal.

WHEREFORE, the Defendant prays that this Honorable Court accept this Notice of and Petition for Removal and hereby undertake jurisdiction in the above-entitled cause of action now pending in the Court of Common Pleas for the County of Charleston, State of South Carolina, that the same be removed to this Honorable Court and that all proceedings in said case in the Court of Common Pleas for the County of Charleston, State of South Carolina, be stayed.

-5-

Dated this  28th  of December, 2016.

                                                   WILSON & HEYWARD, LLC

                                                   _s/ Margaret Fanning Horn_____  
                                                   Margaret Fanning Horn (Fed. ID #7140)  
                                                   924 Folly Road  
                                                   Post Office Box 13177 (29422)  
                                                   Charleston, South Carolina, 29412  
                                                   T: (843) 762-4567  
                                                   F: (843) 762-2345  
                                                 mfanning@wilsonheyward.com  
                                                 **Attorney for Government Employees Insurance Company**